FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 SEP 29  A 10: 29

CLERK _L. LaVictoire_

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

DEXTER SHAW,      :
     :
     Plaintiff,      :
     :
     vs.      :      CIVIL ACTION NO.: CV604-122
     :
TRELLIS DODSON; ABBIGAIL      :
COWART; and HUGH SMITH,      :
Warden,      :
     :
     Defendants.      :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement. Defendants have filed a Motion to Dismiss, and Plaintiff has responded. Defendants filed a Reply, and Plaintiff responded. For the reasons which follow, Defendants' Motion to Dismiss should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Dodson closed his arm in a cell door, causing him injuries. Plaintiff also contends that Defendants Dodson and Cowart filed false disciplinary reports against him. Plaintiff further contends that Defendant Smith knew that Defendant Dodson was a threat to his safety but failed to protect Plaintiff.

Defendants assert that Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA"), and, as such, his Complaint should be dismissed. Defendants also assert

AO 72A
(Rev. 8/82)

that Plaintiff's Complaint should be dismissed as being malicious pursuant to 28 U.S.C.A. § 1915(e).

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

2

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION OF AUTHORITY

Defendants assert that Plaintiff's Complaint should be dismissed because he has three strikes against him and he is not in "imminent danger of physical injury" under 28 U.S.C.A. § 1915(g). Defendants assert that the following three cases constitute strikes under § 1915(g): 1) Shaw v. Thomas, CV692-082 (S.D. Ga. June 15, 1992) (dismissed on August 4, 1992, for failing to follow an Order of the Court); 2) Shaw v. Smith, CV603-066 (S.D. Ga. May 30, 2003) (dismissed on August 28, 2003, as a sanction for Plaintiff's abuse of the judicial process); and 3) Shaw v. Clayton County Detention Center, CV187-1075 (N.D. Ga. May 26, 1987) (motion to dismiss granted on July 28, 1988). Defendants also assert that Plaintiff has no less than (6) cases which were voluntarily dismissed, which is relevant to a determination of whether the instant action was brought maliciously. Defendants aver that because Plaintiff has quite a litigation history in this Court and because he often waits until late stages of litigation to file a motion for voluntary dismissal, this action should be dismissed pursuant to § 1915(e).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A dismissal for abuse of the judicial process also counts as a strike under this statute, as this "is precisely the type of strike that Congress had in mind when drafting section 1915(g)." Rivera v. Allin, 144 F. 3d 719, 731 (11th Cir. 1998).

3

A review of Plaintiff's history of filings reveals that, at the time he filed the instant cause of action on October 4, 2004, he had two (2) cases which constitute "strikes" under section 1915(g). These cases are <u>Shaw v. Thomas</u>, CV692-082, and <u>Shaw v. Smith</u>, CV603-66. The third case Defendants contend is a "strike", <u>Shaw v. Clayton County Detention Center</u>, CV187-01075, should not be considered a strike. The docket sheet pertaining to this case only indicates that Defendant's Motion to Dismiss was granted and that Plaintiff's claims for damages be dismissed. (CV187-010175, Dkt. No. 12.) However, there is no indication as to the reason the Northern District of Georgia Court granted the Defendant's Motion to Dismiss, nor is there any indication on what grounds Defendant moved for the dismissal of Plaintiff's Complaint.[1] Without more information, the undersigned is loathe to consider this case as a strike for purposes of § 1915(g). Additionally, the undersigned is not inclined to recommend the granting of Defendants' Motion to Dismiss based on the instant case being malicious. While the undersigned recognizes that Plaintiff has a rather extensive litigation history in this Court, including several cases in which he moved to voluntarily dismiss his causes of action, this does not mean that those cases were maliciously filed. Likewise, the voluntary dismissals of other cases does not mean, *ipso facto*, that the instant cause of action was maliciously filed.

---

[1] It may be assumed that Defendant moved for dismissal of Plaintiff's Complaint based on FED. R. CIV. P. 12(b)(6), failure to state a claim upon which relief may be granted. However, without this being expressly stated on the PACER docketing system, and in the absence of the submission by Defendants of any documents from the Northern District of Georgia, the undersigned can not so determine.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss (Doc. No. 18) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this ___29th___ day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)