FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 MAR 13  AM 11:07

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DEXTER SHAW, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: CV604-122 |
| TRELLIS DODSON; ABBIGAIL COWART; and HUGH SMITH, Warden, | : |
| Defendants. | : |

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement. Defendants have filed a Motion to Dismiss, and Plaintiff has responded. For the reasons which follow, Defendants' Motion to Dismiss should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Dodson closed his arm in a cell door, causing him injuries. Plaintiff also contends that Defendants Dodson and Cowart filed false disciplinary reports against him. Plaintiff further contends that Defendant Smith knew that Defendant Dodson was a threat to his safety but failed to protect Plaintiff.

AO 72A
(Rev. 8/82)

Defendants assert that they filed a Pre-Answer Motion to Dismiss in which they specifically asserted that they were not "submitting themselves to the jurisdiction of this Court and specifically not waiving sufficiency of service." (Doc. No. 63, p. 2.) Defendants contend that, despite receiving their Pre-Answer Motion to Dismiss, Plaintiff has made no effort to have service perfected upon them, nor can he demonstrate good cause for his delay. Defendants allege that Plaintiff's Complaint should therefore be dismissed, without prejudice. In the alternative, Defendants allege that Plaintiff's Complaint should be dismissed due to the numerous lies Plaintiff has told the Court.

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America

2

Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants assert that Plaintiff's Complaint should be dismissed because he has failed to effect lawful service on any Defendant within the 120-day limit prescribed by FED. R. CIV. P. 4(m). Defendants allege that there are no acknowledgments of service which they or their counsel have signed and returned to the Court. Defendants also allege that Plaintiff was put on notice by the filing of their Pre-Answer Motion to Dismiss that they were not submitting to the jurisdiction of this Court and specifically not waiving sufficiency of service. Because Plaintiff has failed to serve Defendants, they contend, he must show "good cause" for his failure to do so. Defendants aver that Plaintiff has no good cause for his delay in serving Defendants, and thus, his Complaint should be dismissed.

By Order dated October 21, 2004, the undersigned granted Plaintiff's motion to proceed in forma pauperis. (Doc. No. 3.) Because Plaintiff was permitted to proceed in forma pauperis, the United States Marshals Service was directed to serve a copy of Plaintiff's Complaint, as amended, upon each of the Defendants by Order dated April 5, 2005. (Doc. No. 13); see FED. R. CIV. P. 4(c)(2) (stating that a court must appoint a United States marshal, deputy Untied States marshal, or other specially appointed person or officer when the plaintiff is authorized to proceed in forma pauperis). According to the USM-285 forms filed with this Court, John Jones, attorney for each of the Defendants, was served with a copy of Plaintiff's Complaint, Amended Complaint, and this Court's Order

3

directing service upon the Defendants. (Doc. Nos. 26-28.) It appears that Defendants' attorney is correct that the return documents are not signed by any of the Defendants or by their attorney and that the waiver is "based exclusively" on their previously filed Motion to Dismiss. (Doc. No. 63, p. 7, n.3.) However, the undersigned is not inclined to agree with counsel's assertion that, as a result of events beyond Plaintiff's control, the Complaint should be dismissed, even if such dismissal were without prejudice. To do so would encourage future defendants or their attorneys to waive service for limited purposes or to avoid acceptance of service of process. Plaintiff should not be penalized because Defendants or their counsel have not accepted or waived service of process.

The undersigned also is not inclined to address the alternative ground upon which Defendants have moved for dismissal of Plaintiff's Complaint– that Plaintiff's dishonesty should result in its dismissal. The undersigned recognizes that Plaintiff did not fully disclose the existence of all causes of action which he filed prior to the filing of the instant cause of action; however, such omissions are not necessarily indicative of any intent on Plaintiff's part to deceive this Court. If the undersigned were to recommend the dismissal of Plaintiff's Complaint as a punitive measure, such an action would be a "reward" to the Defendants, who have yet to answer Plaintiff's Complaint.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss (Doc. No. 62) be **DENIED**. It is hereby **ORDERED** that a copy of Plaintiff's Complaint, Amended Complaint, the Court's April 5, 2005, Order, and a copy of this Order be personally served upon each of the Defendants by the United States Marshal and that

the costs of such personal service be taxed against each of the Defendants. The United States Marshal is directed to advise the Court of the amount of costs.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this ___13th___ day of March, 2006.

> JAMES E. GRAHAM
> UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)