FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 27 PM 1:37

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

  Plaintiff,

v.                               604CV122

TRELLIS DODSON, et al.,

  Defendants.

## ORDER

42 U.S.C. § 1983 inmate/plaintiff Dexter Shaw Objects to the Magistrate Judge's Report and Recommendation (R&R) in this excessive force/failure to protect case. Doc. # 264 (R&R); # 268 (Objection). The gist of Shaw's case is that: (a) defendant Trellis Dodson, a prison official, closed a prison cell door on his arm, injuring him; (b) defendants Dodson and Abbigail Cowart filed false disciplinary reports against him; (c) defendant Hugh Smith knew that Dodson was a threat to plaintiff's safety but failed to protect him; and (d) former warden Fred Brown was aware of threats to his safety but ignored them. Doc. # 264 at 1-2. Defendants deny these allegations. Id. at 2.

Finding conflicting evidence, the R&R advises this Court to grant summary judgment on some claims but take the rest to trial. Id. at 6 (conflicting evidence over whether Dodson closed a prison cell door on his arm); id. at 8 ("Plaintiff has presented evidence that genuine issues of material fact exist as to whether Defendant Smith was aware of Dodson's purported threat to Plaintiff's safety prior to August 27, 2003, and failed to take protective measures"); id. at 20 (dismiss Shaw's due process and retaliation claims, along with defendants Cowart and Brown, but try his excessive force and failure-to-protect claims against defendants Dodson and Smith).[1]

The Court has considered and now denies Shaw's Objection (doc. # 268), adopts the R&R (doc. # 264), and therefore grants in part and denies in part defendants' motion (doc. # 180) for summary judgment. Plaintiff Dexter Shaw's Complaint against defendants Abbigail Cowart and Fred Brown is dismissed with prejudice; those defendants are therefore dropped from this case. Meanwhile, the Court has also ordered a pretrial Order, doc. # 271, and the defendants have complied, doc. # 280, so the Court now has remaining before it motions filed by Shaw.

In his "Motion for Hearing," Shaw requests a hearing to resolve long-pending discovery issues (basically, he wants affidavits and documents from defendants and others). Doc. # 272 at 2-3. This portion of that motion is denied. The time to resolve discovery matters have long since come and gone. Plus, no

---

[1] In their post-R&R Pretrial Order submission, defendants state their position:

> Officer Dodson denies that she caused any door to be shut on the Plaintiff and denies that she has ever caused any injury to the Plaintiff. [¶] The Defendants deny that Officer Dodson ever posed a threat to the Plaintiff's safety, and Warden Smith denies that he has ever believed or had any legitimate reason to believe that Officer Dodson posed a threat to the Plaintiff's safety.

Doc. # 280 at 3. They stipulate, however, that at all relevant times they were acting under color of law. Id. at 9.

affidavits shall be permitted at trial (they constitute hearsay), so Shaw's request for same is futile.

Plaintiff also seeks a hearing to convince this Court that it should issue subpoenas so he can compel witnesses to attend this trial so he can support his case. *Id.* at 2. To that end, he furnishes a relevancy showing for people like ex-corrections officer Larry Montgomery, who Shaw says can testify that he witnessed events relevant to his case. *Id.*

The problem for Shaw, of course, is that he tenders no witness fee to accompany his requested subpoenas. And, there is no authority to advance him such fees, despite his indigence:

> District courts do not have statutory authority to waive witness fees for indigent civil litigants ... *Marozsan v. United States*, 90 F.3d 1284, 1290-91 (7th Cir.1996), and § 1915(d) does not authorize district courts to advance indigent civil litigants' witness fees, *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir.1984) (en banc).

*Armstead v. MacMillan*, 58 Fed.Appx. 210, 213 (7th Cir. 2003) (Where state prisoner proceeding *in forma pauperis* (IFP) failed to pay the required witness fee, the district court did not abuse its discretion by declining to issue a subpoena for a former inmate to testify at the trial of the prisoner's case against prison guards); *see also Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D.Fla. 1991) (An inmate proceeding IFP nevertheless was required to pay witness and mileage fees in connection with deposition subpoenas), *aff'd w/o op.*, 966 F.2d 1461 (11th Cir. 1992); *Badman v. Stark*, 139 F.R.D. 601, 604 (D.C.Pa. 1991) (Failure of an IFP plaintiff to demonstrate that he had made provisions for the cost of a subpoena duces tecum warranted the refusal of his request for the issuance of the subpoenas and to enter a protective order).[2]

Thus, the Court denies motions # 272 and 282 because Shaw seeks Rule 45 witness subpoenas from the Court without first proffering payment. Nothing prevents him, however, from making a relevancy showing to defense counsel, whom the Court trusts will further the Georgia Department of Corrections' long-standing tradition of voluntarily furnishing relevant witnesses. *See Smith Bey v. Gibson*, 2007 WL 778626 at * n. 5 (D.Colo. (3/9/07) (unpublished) (encouraging this to cut down on appellate issues and thus spare the State that expense).

Similarly, the Court denies plaintiff's motion (doc. # 273) for production of documents (hence, he seeks a trial subpoena *duces tecum*) without proffering payment up front. *Badman*, 139 F.R.D. at 604. Next, the Court denies plaintiff's motion to be present at pre-trial hearings and his request to be provided copies of various documents for the foregoing reasons

---

[2] As Shaw himself notes in motion # 282, this area of law is not without dispute:

> A party proceeding in [IFP] is required to tender fees and mileage unless the government is authorized to pay the fees for him. [IFP] proceedings are authorized by statute, and at least one court has held that Section 1915(c) of Title 28 of the United States Code requires the government to pay the expenses of the subpoenaed witnesses. However, the great weight of authority, including several court of appeals decisions, is to the contrary.

9A WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 2454. *Service of a Subpoena* (2007) (footnotes omitted).

(discovery is over, he tenders no money to cover costs, and the Court will not impose upon the State the cost of transporting inmates to chambers for pretrial proceedings in what are, at bottom, "cookie-cutter" cases). Doc. # 274.

In motion # 275, Shaw seeks to prevent defendants from mentioning his extensive criminal record (armed robbery, rape, sodomy, possession of a weapon, etc.). Here he seeks to exploit the 2006 change in F.R.Evid. 609, which is summarized here:

> Except for crimes involving dishonesty or false statements (Rule 609(a)(2)), a district court must engage in a balancing test when deciding whether to admit prior convictions. The standards for witnesses and defendants are not identical (although each requires that convictions carry a sentence of more than one year and be less than ten years old). To admit a defendant's conviction, its probative value must outweigh its prejudicial effect. Rule 609; *United States v. Fawley*, 137 F.3d 458, 473 (7th Cir.1998). For a witness, a prior conviction comes in if its probative value is not substantially outweighed by the danger of unfair prejudice. Rules 403 and 609.

*U.S. v. Peters*, 2007 WL 1646057 at * 6 (7th Cir. 6/7/07) (unpublished); *see also Therrien v. Town of Jay*, 489 F.Supp.2d 113, 114-15 (D.Me. 2007). Within that framework is the "dishonesty" dividing line:

> Where the crime "involved dishonesty or false statement, regardless of the punishment," Rule 609 admits evidence of the conviction *without any* balancing test. FRE 609(a) (2). In *McHenry v. Chadwick* 896 F.2d 184 (6th Cir.1990), the court explained that, under Rule 609(a)(2), "[a]lthough evidentiary issues are generally within the broad discretion of the trial judge, the admission of prior convictions involving dishonesty is not," even if the conviction was for a misdemeanor. 896 F.2d at 189.

*U.S. v. Mamdouh*, 2007 WL 1556668 at * 1 (E.D.Mich. 5/30/07) (unpublished) ("An unauthorized recording for commercial advantage or private financial gain is as inauthentic and misrepresentative as counterfeit money is. It is, at its core, dishonest and a pretender to the real thing. Because Defendant's conviction involved dishonesty or false statement, it is therefore admissible under Rule 609(a)(2)") (quotes, cite and footnote omitted).

Here Shaw has a point *if* his representations are true. Some of his crimes may *not* fall into the "dishonesty" zone and may in fact be more than ten years old. So, defendants must proceed at trial mindful of this rule and, although the Court for the moment **DENIES** motion # 275, Shaw may renew his objection at trial if and when defendants seek to impeach him or otherwise present the jury with evidence of his prior convictions. In that regard, a Rule 609(a)

> impeachment of a witness with a prior conviction is "usually limited to the essential facts of the conviction rather than the surrounding details of the conviction." *Id*. But a consensus has emerged among courts that a greater inquiry into the essential facts surrounding the conviction is permitted where the witness opened the door to additional inquiry by attempting to "explain away" the conviction or minimize its significance. *See United States v. Swanson,* 9 F.3d 1354, 1358 (8th Cir.1993) (permitting cross-examination into details of defendant's guilty plea where he testified as to the detailed

3

circumstances on direct); *United States v. Robinson*, 8 F.3d 398, 410 (7th Cir.1993) (allowing prosecutors to delve into details of a conviction only after defendants do "much more" than admit having a prior conviction); *United States v. Butler*, 924 F.2d 1124, 1131 (D.C.Cir.1991) (allowing prosecutor to impeach defendant's attempts on direct examination to minimize his prior conviction).

*Tri-State Hosp. Supply, Inc. v. U.S.*, 471 F.Supp.2d 170, 174 (D.D.C. 2007). So, if one of Shaw's convictions can be admitted under the Rule, and Shaw admits his conviction unequivocally, the Court will bar any inquiry into the circumstances of his conviction. Conversely, quibbling may be costly.

Plaintiff's motions ## 276 and 277 are denied. In # 276, he seeks a habeas *ad testificandum* writ to compel the attendance of a fellow inmate, "F. Mathis," to corroborate his evidence that he needed medical care immediately after defendant Dodson allegedly closed a cell door on his arm. *Id.* at 1. This is just another way of seeking a subpoena without tendering a witness fee. It thus is denied for the reasons set forth above. In motion # 277, plaintiff seeks a writ of habeas corpus *ad testificandum* to ensure his own presence at trial. The State has always brought inmate plaintiffs to trial, and the Court will rely on that practice continuing here.

Note that the *ad testificandum* writ is typically used in *criminal*, not civil, cases. *See generally* 16A FED. PROC., L. ED. § 41:627 (March 2007); *U.S. v. Rinchack*, 820 F.2d 1557 1567 (11th Cir. 1987) ("As a technical matter, the proper method for securing a prisoner's presence at trial is a petition for a writ of habeas corpus ad testificandum. Generally, however, courts have required defendants in criminal cases requesting petitions for writs of habeas corpus *ad testificandum* to comply with the requirements of [F.R.Cr.P.] 17(b)") (cites omitted).

Finally, in motion # 279, Shaw complains that he cannot get copies of his trial exhibits made because his jailers, he claims, refuse to make copies for him. *Id.* at 1. Thus, he has had to send in his originals to the Court for things like summary judgment brief exhibits. *Id.*

So, he is asking this Court if the documents he has filed in this Court's record will be available to him at trial. *Id.* at 1. Otherwise, he says, he cannot meet this Court's 8/2/707 deadline to furnish it with a witness and exhibit list. *Id.* at 2. Shaw thus "requests a little guidance" from this Court. *Id.*

As a convicted criminal, the Court is not inclined to believe Shaw's assertions and in fact can imagine that Shaw can obtain copies in prison but just doesn't want to pay copying fees. In that regard, "indigent inmates must be provided at state expense with paper and pen to draft legal documents" to assure meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 824 (1977); *Kirsch v. Smith*, 853 F.Supp. 301, 304 (E.D.Wis.1994), but that does not mean that prison officials must stop and copy, free of charge, anything in any amount at any time upon an inmate's demand. Prisons and jails are free to impose reasonable limits. *See, e.g., Cody v. Slykhuis*, 2006 WL 759683 at \*\* 2-3 (D.S.D. 3/23/06) (unpublished).

The Court will hear from the defendants on this motion. Meanwhile, the plaintiff is free to review documents in the file, upon request, at trial, but he may not remove anything it, even to hold it up before the jury, or with which to examine witnesses. Once again, the State is urged to consider a compromise here to avoid

the expense of appellate litigation over this issue.

To summarize, the Court **DENIES** plaintiff Dexter Shaw's Objection (doc. # 268), **ADOPTS** the R&R (doc. # 264), and therefore **GRANTS** in part and **DENIES** in part the motion (doc. # 180) of defendants Trellis Dodson, Abbigail Cowart, Hugh Smith and Fred Brown for summary judgment. Plaintiff Dexter Shaw's Complaint against defendants Abbigail Cowart and Fred Brown is thus **DISMISSED WITH PREJUDICE** and those defendants are **DROPPED** from this case. The Court also **DENIES** motions ## 272, 273, 274, and 282, and **DENIES WITHOUT PREJUDICE** motion # 275. Plaintiff's motions ## 276 and 277 also are **DENIED**, while the Court **DEFERS** ruling on motion # 279.

This 27 day of August, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA