UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

Plaintiff,

v.     6:04-cv-122

TRELLIS DODSON, et al.,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court are 42 U.S.C. § 1983 Prisoner-Plaintiff Dexter Shaw's ("Shaw") "Motion to be Relieved of Judgment," see Doc. 441, "Notice for Court," see Doc. 445, and "Motion for Severe Actions to be Taken for Defendants' Ongoing Bad Faith Acts [sic], and to Show Cause, [sic] Why Motion to be Relieved of Court Order. [sic] (Doc # 441) Should be Granted," see Doc. 453.

On September 19, 2007, a jury found against Shaw on his excessive force and deliberate disregard claims. See Doc. 311. Shaw's first motion moves the Court to overturn this verdict because it was the product of Defendants' fraud on the Court. See Doc. 441. Shaw's second motion asks for Rule 60 relief from the Court's January 13, 2011 Order denying Shaw's "Motion for TRO/Preliminary Injunction to be Issued." See Docs. 445 (present motion), 444 (Order denying TRO), 435 (Motion for temporary restraining order ("TRO")). Shaw's third motion further accuses Defendants of fraud on the Court and "strongly requests" an evidentiary hearing. See Doc. 453.

### II. RELIEF FROM VERDICT

A case may be reopened on account of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged; or (6) any other reason that justifies relief. See FED. R. CIV. P. 60(b). Shaw cites subsections (2), (3) and (6) in support of his motion. See Doc. 441. His 60(b)(2) and (3) arguments are time barred because Shaw filed this motion more than three years after the Court entered judgment. See FED. R. CIV. P. 60(c)(1) (requiring 60(b)(1), (2), and (3) motions be filed within one year); Docs. 312, 441.

Shaw's 60(b)(6) motion need only be made "within a reasonable time . . . after the entry of the judgment or order." See FED. R. CIV. P. 60(c)(1); *Ramsey v. Walker*, 304 F. App'x 827, 828 (11th Cir. 2008). "A determination of what constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." *Ramsey*, 304 F. App'x at 828 (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)).

Here, Shaw argues only that his new evidence was "newly found." See Doc. 442 at 2. This explanation falls short. Shaw's three year delay would prejudice the Defendants' ability to contest this claim and distract from their efforts to prepare for the upcoming trial of Shaw's retaliation claim.

The Court denies Shaw's request for relief under Federal Rule of Civil Procedure 60(b)(6) as untimely.

In addition, Shaw requests "[c]ounsel be appointed to prepare for trial in this case." *See* Doc. 441. Shaw has previously requested counsel five times. Docs. 72, 125, 343, 365, 428. In denying each request, the Magistrate Judge has patiently explained to Shaw that "[t]here is no entitlement to appointed counsel in a civil rights case." *See* Docs. 77, 135, 348, 382; *see also* Doc. 430. This Court will not be so accommodating. Shaw's continued requests are vexatious and are not "warranted by existing law." *See* Fed. R. Civ. P. 11(b)(1). Shaw's request is stricken from his pleading.

### III. RELIEF FROM TRO ORDER

Shaw urges the Court to consider new evidence in support of his motion for a temporary restraining order ("TRO"). *See* Doc. 445, 446. Shaw's original motion requested a TRO against non-parties to his civil suit. *See* Docs. 435, 436. The Court denied Shaw's motion because "[t]his Court has no jurisdiction to issue an Order against persons who are not parties to this case." *See* Doc. 444. None of Shaw's "new evidence" changes that fact. Shaw's "Notice for Court," *see* Doc. 445, is *DENIED*.

### IV. SEVERE ACTIONS MOTION

Shaw's "Motion for Severe Actions," *see* Doc. 453, also concerns his fraud on the Court allegations. As explained above, Rule 60(b)(3) arguments must be made within one year of judgment. *See* FED. R. CIV. P. 60(c)(1). Shaw missed this deadline by more than two years. *See* Docs. 312, 441. Shaw's "Motion for Severe Actions," *see* Doc. 453, is *DENIED*.

### V. CONCLUSION

Shaw's "Motion to be Relieved of Judgment," *see* Doc. 441, "Notice for Court," *see* Doc. 445, and "Motion for Severe Actions," *see* Doc. 453, are *DENIED*.

This 28th day of February 2011.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA