UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

Plaintiff,

v.  6:04-cv-122

TRELLIS DOTSON,

Defendant.

# ORDER

## I. INTRODUCTION

Plaintiff Dexter Shaw ("Shaw") sued Defendant Trellis Dotson ("Defendant") alleging *inter alia* retaliation for his filing a grievance. The Court dismissed many of Shaw's claims on summary judgment, *see* Doc. 283, and a jury found against him on the rest, *see* Doc. 311. The Eleventh Circuit reversed this Court's dismissal of the above claim. *See* Doc. 342. The case is set for trial June 7, 2011. Before the Court are eight motions Shaw has filed.

## II. ANALYSIS

Shaw's motion for hearing on his Rule 60(b) motion, *see* Doc. 458, is ***DISMISSED AS MOOT*** because his underlying motion was denied on February 28, 2011, *see* Doc. 456.

In Doc. 460, Shaw moves for his attached declaration detailing new allegations against individuals not named as defendants to "be made a part of court files." The clerk duly filed the motion and declaration, but insofar as Shaw was attempting to amend his complaint six and a half years after filing, his request is ***DENIED***.

Shaw moves to exclude certain allegedly fabricated evidence, *see* Docs. 464, 465, and for a hearing "to establish adequate evidence that is genuine," *see* Doc. 468. Defendant did not respond to this motion. Shaw moves the Court to grant the motion for this reason. *See* Doc. 471. Local Rule 7.5 provides that a party's failure to respond within fourteen days shall indicate there is no opposition to the motion. It does not, however, mean that the Court must grant the motion. Shaw's motion to grant his motion to exclude, *see* Doc. 471, is ***DENIED***.

Shaw will have an opportunity to prove his claims during his case in chief. The Court denies Shaw's motion for a hearing, *see* Doc. 468, and reserves ruling on his motion to exclude, *see* Docs. 464, 465, until the Court has heard Shaw's evidence.

Shaw moves to compel disclosure of certain documents. *See* Docs. 466, 467. Discovery is long closed in this case. *See* Docs. 222, 223. Shaw's motion is ***DENIED***.

Shaw separately moves the Court for a hearing on his claims that the Defendant fabricated evidence and obstructed the discovery process. *See* Doc. 469. Shaw appears to assert that these offenses tainted the Court's previous grant of summary judgment on his other claims. *See id.* Shaw had a chance to make his case at the summary judgment stage. The Court dismissed some of his claims, *see* Doc. 283, and the Eleventh Circuit affirmed on all, but the one claim scheduled for trial June 7, *see*

Doc. 342. Shaw's motion for a hearing, *see* Doc. 469, is ***DENIED***.

Shaw requests to be informed whether the Court received a motion entitled "Subpoena Duces Tecum, Motion to Subpoena Witnesses and Motion to be Informed When to Send Witness Fee." *See* Doc. 470. The Court ***GRANTS*** this request and informs Shaw that the most recent motion the Court received from him regarding subpoenas was filed on April 13, 2009, *see* Doc. 394, and denied by the Court, *see* Doc. 405.

### III. CONCLUSION

Shaw's motion to amend, *see* Doc. 460, motion to grant his motion, *see* Doc. 471, motion to compel disclosure, *see* Docs. 466, 467, and motions for hearings, *see* Docs. 468, 469, are ***DENIED***.

Shaw's motion to be informed, *see* Doc. 470, is ***GRANTED***.

Shaw's motion for hearing on his Rule 60(b) motion, *see* Doc. 458, is ***DISMISSED AS MOOT***.

The Court reserves ruling on Shaw's motion to exclude, *see* Docs. 464, 465.

This 31st day of May 2011.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA