UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

Plaintiff,

v.  6:04-cv-122

TRELLIS DODSON,

Defendant.

# ORDER

## I. INTRODUCTION

Plaintiff Dexter Shaw ("Shaw") sued Defendant Trellis Dodson ("Defendant") alleging, *inter alia*, retaliation for his filing a grievance. The Court dismissed many of Shaw's claims on summary judgment, *see* Doc. 283, and a jury found against him on the rest, *see* Doc. 311. The Eleventh Circuit reversed this Court's dismissal of the retaliation claim. *See* Doc. 342. The case is set for trial June 27, 2011. Before the Court are several motions Shaw has filed.

## II. ANALYSIS

### A. Production of Original Documents

Shaw moves for a subpoena duces tecum, *see* Doc. 479, and an order, *see* Doc. 488, commanding Defendant to bring only original documents to trial rather than photocopies. Shaw acknowledges that "during discovery, the Defendants produced photo-copies of Plaintiff's requests." *See* Docs. 479 at 2; *see also* 488 at 2. Photocopies are admissible to the same extent as an original unless Shaw can raise a genuine question of their authenticity or it would otherwise be unfair to admit the duplicate. *See* FED. R. EVID. 1003. Shaw's argument fails to meet this standard. Plaintiff has had many opportunities to inspect these files in their original form throughout the discovery period, and Defendant has previously produced copies of them. *See* Doc. 496 at 2-4.

His motions, *see* Docs. 479, 488, are *DENIED*.

### B. Witness Subpoenas

Shaw moves the Court to subpoena Larry Montgomery, Gary Curry, Remer Johnson, and Frank Mathis to testify in this case. *See* Docs. 480, 491, 493. These motions are *GRANTED*.

### C. Criminal Record

Shaw also moves for the Court to exclude reference to his criminal convictions because they all occurred more than ten years ago. *See* Doc. 492. The Federal Rules of Evidence's ten-year limit, however, only begins to run from the later of Shaw's date of conviction or his release from confinement imposed for that conviction. *See* FED. R. EVID. 609(b). Shaw is serving a life sentence and has not shown which, if any, of his convictions resulted in shorter concurrent sentences that may have elapsed more than ten years ago. *See* Doc. 492.

Shaw's motion, *see* Doc. 492, is *DENIED*.

### D. Recusal

Finally, Shaw moves the Court to recuse itself. *See* Doc. 497. Shaw does not allege

any conflict of interest, but instead rails against this Court's adverse rulings. *See id*.

Shaw's motion for voluntary disqualification, *see* Doc. 497, is ***DENIED***.

### III. CONCLUSION

The Court ***GRANTS*** Shaw's motion to subpoena witnesses. *See* Docs. 480, 491, 493.

Shaw's motions for the production of original documents, *see* Docs. 479, 488, are ***DENIED***.

Shaw's motion to exclude his criminal record, *see* Doc. 492, is ***DENIED***.

Shaw's motion for voluntary disqualification, *see* Doc. 497, is ***DENIED***.

This 21st day of June 2011.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA